IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CUSTOM CURBS, INC., | ) | |
| VANHUSS CUSTOM PROPERTIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### COUNT I: WITHDRAWAL LIABILITY AGAINST CUSTOM CURBS, INC.

NOW COMES Plaintiff, CENTRAL LABORERS' PENSION FUND, by its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, CUSTOM CURBS, INC., and allege as follows:

1. This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), codified at 29 U.S.C. 1369-1453, to collect withdrawal liability from the Defendant.

2. Federal District Courts have exclusive jurisdiction over civil actions to collect withdrawal liability from employers. (29 U.S.C. 1451(c)).

3. Venue for civil actions like the present action is proper in a federal District Court where the plan is administered. (29 U.S.C. 1451(d)).

4. Plaintiff's administrative office is located in Jacksonville, Illinois, within Morgan County, which is within the venue of the District Court for the Central District of Illinois, Springfield Division.

5. Plaintiff is an employee benefit plan administered pursuant to the terms and provisions of a Trust Agreement (Exhibit 1) creating said Fund and is required to be maintained and administered in accordance with the provisions of ERISA (as amended), 29 U.S.C. 1001 *et seq.*

6. Plaintiff is a pension plan within the meaning of Section 1002(2) of ERISA.  29 U.S.C. 1002(2).

7. Plaintiff receives contributions from numerous employers, and therefore, is a multiemployer plan. (29 U.S.C. 1002(37)(A)(i)).

8. Plaintiff provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Plaintiff on behalf of their employees.

9. Plaintiff is a pension plan that primarily covers employees in the building and construction industry within the meaning of Section 1383(b)(1)(B)(i). 29 U.S. 1383(b)(1)(B)(i).

10. At all relevant times, Custom Curbs, Inc. has been an employer engaged in an industry within the meaning of Sections 1002(5) and (12) of ERISA.  29 U.S.C. 1002(5) and (12).

11. At all relevant times, Custom Curbs, Inc. has been an employer within the building and construction industry as substantially all of its employees perform work in the building and construction industry within the meaning of Section 1383(b)(1)(A).

12. Christopher VanHuss is the sole owner of Custom Curbs, Inc.

13. Custom Curbs initially signed a collective bargaining agreement in April 2008 and has been bound by that agreement and others since April 2008. Exhibit 2.

14. Since April 2008, Custom Curbs has paid contributions on a regular basis to the Plaintiff.

15. In July 2018, Custom Curbs ceased paying contributions to the Plaintiff.

16. After July 2018, Custom Curbs continued to employ laborers and performed work covered by the collective bargaining agreements.

17. Custom Curb's cessation of payments of contributions after July 2018, coupled with the continuation of work for which contributions were previously required, resulted in a complete withdrawal from the Pension Fund.  29 U.S.C. 1383(b)(2).

18. As a result of the complete withdrawal, Plaintiff determined that Custom Curbs was liable for a complete withdrawal in the amount of $180,269.00.

19. On February 26, 2021, Plaintiff sent Custom Curbs a notice and demand for payment of withdrawal liability (the "notice and demand") pursuant to 29 U.S.C. 1399(b)(1).  A copy of the notice and demand letter is attached hereto and incorporated herein as Exhibit 3.

20. In the notice and demand, Plaintiff gave the Defendant the option of (1) paying the withdrawal liability in full by April 25, 2021, or (2) paying the withdrawal liability in six (6) quarterly payments of $30,023.00 each, plus a final payment of $4,644.00, with the first quarterly payment due by April 25, 2021.

21. The notice and demand further advised Custom Curbs that it could request a review of the Plaintiff's determination of a withdrawal and the amount pursuant to 29 U.S.C. 1399(b)(2)(A); and it could dispute the determination of a withdrawal or the amount assessed through arbitration pursuant to 29 U.S.C. 1401(a).

22. Custom Curb did not seek a review under Section 1399((b)(2)(A) or dispute the assessed complete withdrawal liability through arbitration pursuant to 29 U.S.C. §1401(a)(1).

23. Custom Curb failed to make any payment on the withdrawal liability by the due date of April 25, 2021.

24. On April 29, 2021, pursuant to Section 1399(c)(5) of ERISA, Plaintiff notified Custom Curb that it was in default because it had failed to pay the first quarterly payment on April 25, 2021, and

that it had sixty (60) days in which to cure its default. A copy of the default letter is attached hereto and incorporated herein as Exhibit 4.

25. Defendant did not cure its default or remit any payment to Plaintiff within 60 days of Plaintiff's default letter.

26. Due to Defendant's failure to cure the default, Plaintiff has the right to require immediate payment of the outstanding amount of the complete withdrawal liability. 29 U.S.C. 1399(c)(5).

27. Additionally, Plaintiff is entitled to an award of interest on the outstanding withdrawal liability from the due date of the first payment that was not timely made under 29 U.S.C. §1399(c)(5).

28. Pursuant to Section 1401(b)(1), if no arbitration proceeding was initiated, the full amount of the withdrawal liability is due and owing; and the Plaintiff has the right to collect the amounts owed in Federal court. 29 U.S.C. 1401(b)(1).

29. In addition, pursuant to 29 U.S.C. 1451(b), this action may also be treated as an action to collect delinquent contributions within the meaning of Section 1145 of ERISA. 29 U.S.C. 1145. Therefore, Plaintiff is also entitled to the amount of the withdrawal liability amount of $180,269.00, interest, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. 1132(g)(2).

WHEREFORE Plaintiff prays for the following relief:

A. That judgment be entered in favor of Plaintiff and against Custom Curbs, Inc. in the amount of $180,269.00 for the assessed withdrawal liability, liquidated damages of 20% of the assessed withdrawal liability or $36,053.80, interest on the assessed withdrawal liability calculated at 7.5% per year beginning on April 25, 2021.

C. That Custom Curbs, Inc. be ordered to pay Plaintiff its reasonable attorney's fees and costs, as provided by ERISA (29 U.S.C. 1132(g)(2));

D.      That Custom Curbs, Inc. be ordered to pay all costs attendant to these proceedings pursuant to Section 1451(e); and

E.      That Plaintiff is awarded such other and further relief as may be available under ERISA, Plaintiff's trust agreement, or as the Court deems just and equitable, all at Custom Curb, Inc.'s cost.

## COUNT II: WITHDRAWAL LIABILITY
## AGAINST VANHUSS CUSTOM PROPERTIES, INC.

NOW COMES Plaintiff, CENTRAL LABORERS' PENSION FUND, by its attorneys, Cavanagh & O'Hara LLP, complaining of Defendant, VAN HUSS CUSTOM PROPERTIES, INC., and allege as follows:

1-29.   Plaintiff incorporates herein Paragraphs 1-29 of Count I as Paragraphs 1-29 of Count II.

31.     VanHuss Custom Properties, Inc. is an Illinois corporation registered and authorized to do business in Illinois.

32.     VanHuss Custom Properties, Inc.'s place of business is located in Springfield, Illinois, within Sangamon County, Illinois.

33.     In addition to being the sole owner of Custom Curbs, Inc., Christopher VanHuss is also the sole owner of VanHuss Custom Properties, Inc.

34.     Under federal law, all businesses which are under common control are treated as a single employer. 29 U.S.C. 1002(37)(B) and 29 U.S.C. 1301(b)(1).

35.     Custom Curbs, Inc., and VanHuss Custom Properties, Inc., are both solely owned by Christopher VanHuss, and thus are under common control and are deemed to be a single employer.

36. Therefore, VanHuss Custom Properties is jointly and severally liable for the unpaid withdrawal liability in the amount of $180,269.00, interest, liquidated damages of 20%, and attorneys' fees and costs.

WHEREFORE, Plaintiff prays as follows:

A. That judgment be entered in favor of Plaintiff and against VanHuss Custom Properties, Inc. in the amount of $180,269.00 for the assessed withdrawal liability, plus liquidated damages of 20% of the assessed withdrawal liability or $36,053.80, interest on the assessed withdrawal liability calculated at 7.5% per year beginning on April 25, 2021.

C. That VanHuss Custom Properties, Inc. be ordered to pay Plaintiff its reasonable attorney's fees and costs, as provided by ERISA (29 U.S.C. 1132(g)(2));

D. That VanHuss Custom Properties, Inc. be ordered to pay all costs attendant to these proceedings pursuant to Section 1451(e); and

E. That Plaintiff is awarded such other and further relief as may be available under ERISA, Plaintiff's trust agreement, or as the Court deems just and equitable, all at VanHuss Custom Properties, Inc.'s cost.

Respectfully submitted,

        CENTRAL LABORERS' PENSION FUND,
        Plaintiffs,

        By:    s/ John A. Wolters
            JOHN A. WOLTERS
            **CAVANAGH & O'HARA LLP**
            2319 W. Jefferson Street
            Springfield, IL 62702
            Telephone (217) 544-1771
            Fax (217) 544-9894
            johnwolters@cavanagh-ohara.com